(177 P.3d 411)
No. 97,645

STATE OF KANSAS, *Appellee,* v. DANIEL UNRUH, *Appellant.*

Opinion filed February 29, 2008.

*Debra J. Wilson,* capital and conflicts appellate defender, of Capital Appeals and Conflicts Office, for appellant.

*Ty Kaufman,* county attorney, and *Paul J. Morrison,* attorney general, for appellee.

Before MARQUARDT, P.J., GREEN and LEBEN, JJ.

GREEN, J.: Daniel Unruh appeals from a judgment by the trial court that it lacked jurisdiction to reinstate his direct appeal. We determine that although the trial court lacked jurisdiction to reinstate Unruh's appeal under Supreme Court Rule 5.051 (2007 Kan. Ct. R. Annot. 34), Unruh's motion is more properly construed as a motion to appeal his sentence out of time under *State v. Ortiz,* 230 Kan. 733, 640 P.2d 1255 (1982). Because Unruh has shown that he was furnished an attorney who failed to perfect and complete his appeal, he is allowed to file a direct appeal of his sentence out of time under *Ortiz.* Although the State argues that Unruh should now be confined to the specific issue identified in his orig-

inal notice of appeal, we determine that Unruh should not be limited to a notice of appeal that was never perfected and was ultimately dismissed in this case. Moreover, even if Unruh was limited to his original notice of appeal, the notice of appeal sufficiently encompassed the sentencing issues now raised by Unruh. Therefore, we have jurisdiction to address Unruh's arguments.

In his appeal, Unruh argues that he is entitled to be resentenced as a severity level 3 offender for his conviction of manufacture of methamphetamine under *State v. McAdam,* 277 Kan. 136, 83 P.3d 161 (2004). We agree. Additionally, Unruh argues that the trial court erred in doubling his sentence under K.S.A. 21-4705(e). We also agree. Because the record establishes that Unruh's conviction in this case was his first conviction for manufacture of a controlled substance, his sentence should not have been doubled under K.S.A. 21-4705(e). Accordingly, we vacate Unruh's sentence and remand for resentencing in accordance with *McAdam.*

In January 2002, based on a plea agreement with the State, Unruh pled guilty to manufacture or attempted manufacture of methamphetamine in violation of K.S.A. 65-4159. At sentencing on April 8, 2002, the State argued that Unruh's presumptive sentence should be doubled under K.S.A. 21-4705(e) based on his February 2002 conviction in Reno County for manufacture of a controlled substance. Determining that the doubling rule under K.S.A. 21-4705(e) applied to this case, the trial court sentenced Unruh to 356 months in prison.

On April 9, 2002, Unruh's attorney representing him at the trial court level filed a notice of appeal. On April 9, 2002, the trial court signed an order appointing the appellate defender's office to represent Unruh in his appeal. Nevertheless, Unruh's appeal was never docketed. On September 3, 2002, the State moved to dismiss Unruh's appeal based on Unruh's failure to file a docketing statement within 21 days as required by Supreme Court Rule 2.04 (2007 Kan. Ct. R. Annot. 12). A copy of this motion was sent to Unruh's trial counsel. Unruh testified that he never received notice concerning the State's motion to dismiss his appeal. The trial court held a hearing, and no one appeared on Unruh's behalf at the

hearing. The trial court dismissed Unruh's appeal on September 16, 2002.

In September 2006, Unruh moved, as a pro se litigant, to reinstate his appeal. Unruh argued that the attorney appointed to represent him in his appeal failed to perfect the appeal. Unruh requested that the trial court hold a hearing under *Ortiz* and allow him to appeal out of time. Alternatively, Unruh moved for resentencing as a severity level 3 felony offender under *McAdam*.

At the hearing on his motion to reinstate his appeal, Unruh testified that he received the notice of appeal and appointment order but did not receive any communication concerning his appeal. Unruh testified that he never received notice of the State's motion to dismiss his appeal. According to Unruh, he began writing letters approximately a year after his notice of appeal was filed but was unable to receive any response. Unruh eventually sent a letter to the trial court, requesting a copy of the appearance docket in his case. Unruh testified that he first discovered that his appeal had been dismissed when he received a copy of the appearance docket.

Unruh testified that he and his attorney, David Holmes, decided to appeal the doubling of his sentence under K.S.A. 21-4705(e) as soon as he was sentenced. According to Holmes, Unruh made it clear to him that he wanted to appeal his sentence. Holmes testified that after filing the notice of appeal, he sent the notice of appeal and the appointment order to the appellate defender's office around April 11, 2002. Holmes also notified Unruh that the appellate defender's office had been appointed to represent him in his appeal. Nevertheless, J. Patrick Lawless, the chief appellate defender, testified that his office had no record of receiving Unruh's appellate case.

At the conclusion of the hearing, the trial court found that it did not have jurisdiction to reinstate Unruh's appeal. The trial court noted that Unruh's motion needed to be brought before the appellate courts. Alternatively, the trial court found that if it did have jurisdiction, it would grant Unruh's motion as a matter of fundamental fairness:

"[T]he fact of the matter is, through no fault of Mr. Unruh, he thought he was filing the appeal, he instructed his attorney to do that, his attorney took some

steps but they simply didn't carry through and for me to say because of that he is out the window, it if it my call I find that fundamental fairness requires me to grant the appeal out of time."

Nevertheless, based on its finding that it did not have jurisdiction, the trial court denied Unruh's motion to reinstate his appeal. Moreover, the trial court denied Unruh's request to be resentenced under *McAdam*.

### I. *Should Unruh Be Allowed to Appeal His Sentence Out of Time?*

First, Unruh argues that the trial court erred when it found that it did not have jurisdiction to reinstate his appeal. Whether a court has jurisdiction presents a question of law over which an appellate court exercises de novo review. *State v. Johnson*, 283 Kan. 649, 652, 156 P.3d 596 (2007).

Supreme Court Rule 5.051 (2007 Kan. Ct. R. Annot. 34), which relates to the dismissal and reinstatement of appeals, states as follows:

"The district court shall have jurisdiction to dismiss an appeal where the appellant has filed the notice of appeal in the district court but has failed to docket the appeal with the clerk of the appellate courts. Failure to docket the appeal in compliance with Rule 2.04 shall be presumed to be an abandonment of the appeal and the district court may enter an order dismissing the appeal. The order of dismissal shall be final unless the appeal is reinstated by the appellate court having jurisdiction of the appeal for good cause shown on application of the appellant made within thirty (30) days after the order of dismissal was entered by the district court. An application for reinstatement of an appeal shall be made in accordance with Rule 5.01 and Rule 2.04 and shall be accompanied by a docket fee unless excused under Rule 2.04."

Rule 5.051 allows an appellate court to reinstate a dismissed appeal for good cause shown when an appellant makes application to the court within 30 days of the dismissal order by the district court. The district court has no jurisdiction to consider reinstatement of a dismissed appeal. *City of Kansas City v. Lopp*, 269 Kan. 159, 161, 4 P.3d 592 (2000).

The trial court was correct in determining that it had no jurisdiction to reinstate Unruh's appeal under Rule 5.051. Moreover, Unruh did not meet the 30-day time requirement under Rule 5.051 for filing his motion to reinstate his appeal.

Nevertheless, citing *Ortiz*, 230 Kan. 733, the State seems to concede that fundamental fairness requires that Unruh have his appeal reinstated and an opportunity to make his argument to the appellate court. In *Ortiz*, our Supreme Court recognized a limited exception to the statutory requirements for filing a timely appeal in those cases where the defendant either (1) was not informed of the right to appeal; (2) was not provided an attorney to perfect the appeal; or (3) was provided an attorney who failed to perfect and complete an appeal. 230 Kan. at 735-36. If these narrow exceptional circumstances are met, a defendant must be allowed to file his or her appeal out of time. *State v. Phinney*, 280 Kan. 394, 401-02, 122 P.3d 356 (2005).

In *State v. Harp*, 283 Kan. 740, 156 P.3d 1268 (2007), the defendant filed a pro se motion to correct an illegal sentence, arguing that he should be resentenced under *McAdam*. Our Supreme Court held that relief was not available under K.S.A. 22-3504 because the defendant's sentence was not illegal. 283 Kan. at 744. Nevertheless, our Supreme Court considered the defendant's appeal as a direct appeal under *Ortiz*. Because the defendant was never advised of his right to appeal, our Supreme Court held that an *Ortiz* exception had been met. Determining that the defendant's direct appeal was properly before it, our Supreme Court vacated the defendant's sentence and remanded for resentencing under *McAdam. Harp,* 283 Kan. at 748-49.

Similarly, in this case, relief was not available to Unruh under Supreme Court Rule 5.051. Nevertheless, we are not precluded from considering the issues raised in Unruh's appeal if an *Ortiz* exception has been met. See *State v. Abbott*, 31 Kan. App. 2d 706, 708-09, 71 P.3d 1173 (2003), *aff'd* 277 Kan. 161, 88 P.3d 794 (2004) (after trial court reinstated appeal, this court retained appeal upon finding that there appeared to be "obvious issues regarding whether [the defendant] was furnished an attorney to appeal or whether his attorney failed to perfect and complete an appeal. See *State v. Ortiz*, 230 Kan. 733, Syl. ¶ 3, 640 P.2d 1255 [1982]."). Based on the arguments raised in his pro se motion to reinstate his appeal, Unruh's motion is more properly construed as a motion to appeal his sentence out of time under *Ortiz*. See *Bruner v. State,*

277 Kan. 603, 605, 88 P.3d 214 (2004) (" 'Pro se pleadings are to be liberally construed.' ").

"The facts underlying an *Ortiz* exception ruling should be examined on appeal under a substantial competent evidence standard of review. The ultimate legal determination of whether those facts fit the exception should be reviewed under a de novo standard." *Phinney*, 280 Kan. 394, Syl. ¶ 8. Although the trial court never determined whether an *Ortiz* exception applied here, this court can decide the *Ortiz* issue if the record is factually and legally sufficient. On the other hand, if the record on appeal is insufficient to determine whether an *Ortiz* exception applies, the matter must be remanded for an *Ortiz* hearing. See *Phinney*, 280 Kan. at 403.

Focusing on the third *Ortiz* exception, Unruh argues that he was furnished an attorney who failed to perfect and complete his appeal. The evidence presented to the trial court established that Unruh wished to appeal his sentence. The attorney representing Unruh at sentencing filed a notice of appeal. The appellate defender's office was appointed to represent Unruh, but Unruh's appeal was never perfected. Unruh's appeal was eventually dismissed on the State's motion. Although the trial court furnished Unruh with an attorney to represent him in the appeal of his sentence, his appeal was never perfected and completed. Accordingly, the third *Ortiz* exception has been met in this case, and Unruh should be allowed to appeal his sentence out of time.

## II. Does This Court Have Jurisdiction to Address Unruh's McAdam Argument?

Unruh argues that he is entitled to be resentenced as a severity level 3 offender for his conviction of manufacture of methamphetamine under K.S.A. 65-4159 in accordance with *McAdam*, 277 Kan. 136. Nevertheless, the State contends that Unruh's appeal is confined to the issue identified in his April 2002 notice of appeal and that this court has no jurisdiction to address the *McAdam* issue. Whether appellate jurisdiction exists is a question of law over which an appellate court's scope of review is unlimited. *State v. Huff*, 278 Kan. 214, 217, 92 P.3d 604 (2004).

Here, the notice of appeal filed with the trial court in April 2002 states that Unruh "notifies the Court of his appeal concerning the sentence handed down by the Honorable Richard Walker, in the McPherson County District Court on the 8th day of April 2002." Within the notice of appeal, Unruh then focuses on his specific argument that the trial court incorrectly doubled his sentence under K.S.A. 21-4705(e). The notice of appeal concludes by stating that "WHEREFORE, the Defendant thereby appeals the sentence handed down by the Honorable Richard Walker, in the McPherson County District Court pursuant to the arguments stated above."

The State maintains that Unruh's appeal in the instant case is confined to the specifically crafted issue in the April 2002 notice of appeal. The State contends that this case is similar to *State v. Grant*, 19 Kan. App. 2d 686, 875 P.2d 986, *rev. denied* 255 Kan. 1005 (1994), where this court held that the appellant was limited to the issues raised in his timely filed notice of appeal. Nevertheless, unlike the instant case, the appellant's attorney in *Grant* timely and properly perfected the appeal. Although the appeal in *Grant* was dismissed during the appellate process, it was immediately reinstated as the dismissal was in error. Therefore, the original notice of appeal controlled the issues in the case.

In the instant case, however, Unruh's appeal originating with the April 2002 notice of appeal was never perfected. Through no fault of his own, Unruh's appeal was ultimately dismissed. As a result of counsel's failure to perfect the appeal, Unruh was unable to pursue a direct appeal of his sentence. Moreover, Unruh did not meet the requirements to have his appeal reinstated under Supreme Court Rule 5.051. The State provides no authority to establish that the April 2002 notice of appeal controls the issues in the instant appeal. Because Unruh has met one of the exceptions under *Ortiz*, he is now entitled to file an out-of-time appeal of his sentence. Unruh should not be limited to the April 2002 notice of appeal that was never perfected and was ultimately dismissed in this case.

Nevertheless, even if Unruh's appeal should be confined to his April 2002 notice of appeal, this court still has jurisdiction to address Unruh's sentencing issue. K.S.A. 60-2103(b) requires that the notice of appeal must "designate the judgment or part thereof ap-

pealed from." Here, Unruh's notice of appeal filed in April 2002 stated that he was appealing from his sentence imposed on April 8, 2002.

An appellate court obtains jurisdiction only over the rulings identified in the notice of appeal. *Hess v. St. Francis Regional Med. Center*, 254 Kan. 715, 718, 869 P.2d 598 (1994). Nevertheless, "the notice of appeal should not be overly technical or detailed. The notice of appeal is not a device to alert the parties to all possible arguments on appeal. That is the purpose of the docketing statements and briefs . . . ." *State v. Boyd*, 268 Kan. 600, 606, 999 P.2d 265 (2000). A liberal construction of notices of appeal is called for in order to secure the just, speedy, and inexpensive determination of every action or proceeding. *Tullis v. Pittsburg State Univ.*, 28 Kan. App. 2d 347, 349, 16 P.3d 971 (2000).

In criminal cases, our Supreme Court has given a very liberal construction to notices of appeal. In *State v. Wilkins*, 269 Kan. 256, 7 P.3d 252 (2000), our Supreme Court held that the defendant's notice of appeal, which stated that he was appealing the "judgment of sentence," was sufficient to confer jurisdiction on this court to consider substantive trial issues. Our Supreme Court held:

"Given that the notice of appeal 'should not be overly technical or detailed'; that the 'State does not generally take any significant action when receiving a notice of appeal'; that the typographical error in this case 'does not harm or even affect the State in any appreciable way'; that the State has not shown surprise or prejudice; that this court is to construe K.S.A. 60-2103(b) liberally to assure justice in every proceeding; and that actions should be just, speedy, and inexpensively determined, we hold that the 'judgment of sentence' found in Wilkins' notice of appeal sufficiently conferred jurisdiction on the Court of Appeals to determine the substantive issues raised in the robbery case." 269 Kan. at 270.

Here, the first sentence of Unruh's notice of appeal is sufficient to encompass the issue raised in the instant appeal. The first sentence of the April 2002 notice of appeal states that Unruh "notifies the Court of his appeal concerning the sentence handed down by the Honorable Richard Walker, in the McPherson County District Court on the 8th day of April 2002." This sentence is certainly encompassed in the closing statement of Unruh's notice of appeal: "WHEREFORE, the Defendant thereby appeals the sentence

handed down by the Honorable Richard Walker, in the McPherson County District Court pursuant to the arguments stated above." The *State v. McAdam*, 277 Kan. 136, 83 P.3d 161 (2004), issue raised by Unruh in the instant appeal concerns his sentence handed down on April 8, 2002. Although the remainder of Unruh's notice of appeal focuses on a different sentencing issue, there is no statement within the notice of appeal that Unruh waived all other sentencing issues in the case. A liberal construction of the notice of appeal gives this court jurisdiction to address issues relating to Unruh's sentence.

Moreover, the State cannot show any prejudice by allowing Unruh to raise the *McAdam* issue in the instant appeal. The State does not generally take any significant action when receiving the notice of appeal. Rather, the State determines the issues on appeal by reading the docketing statement and brief filed by the appellant. *Wilkins*, 269 Kan. at 269. The briefs list all of the issues to be argued by the parties and contain the arguments and authorities for each issue. See Supreme Court Rules 6.02 and 6.03 (2007 Kan. Ct. R. Annot. 37, 40); *Wilkins*, 269 Kan. at 269. " 'Whether a party has detailed its arguments in the notice of appeal does not affect the State's practice or its appellate strategy.' " *Wilkins*, 269 Kan. at 269 (citing *Boyd*, 268 Kan. at 606). As a result, Unruh's notice of appeal sufficiently conferred jurisdiction on this court to determine the *McAdam* sentencing issue raised by Unruh in the instant appeal.

### III. Is Unruh Entitled to Be Resentenced Under McAdam?

In *McAdam*, our Supreme Court held that the offense of manufacturing methamphetamine under K.S.A. 65-4159(a) and the offense of compounding a stimulant under K.S.A. 65-4161(a) are identical. Therefore, a defendant can be sentenced only under the lesser penalty provision of K.S.A. 65-4161(a). 277 Kan. at 145-47. Recently, in *State v. Thomas*, 283 Kan. 796, Syl. ¶ 2, 156 P.3d 1261 (2007), our Supreme Court held: "When a late appeal is granted by the district court under *State v. Ortiz*, 230 Kan. 733, 640 P.2d 1255 (1982), the appeal is subject to the law in effect at the time of its granting." See *Harp*, 283 Kan. 740, Syl. ¶ 6. A defendant will

be resentenced under *McAdam* even after the defendant has benefitted from a favorable plea agreement with the State. See *Thomas*, 283 Kan. at 806; *Harp*, 283 Kan. at 748-49. Therefore, the rule in *McAdam* applies to Unruh's appeal.

Here, Unruh pled guilty to the manufacture or attempted manufacture of methamphetamine under K.S.A. 65-4159(a) and was sentenced as a severity level 1 offender. Under the rule in *McAdam*, Unruh should be resentenced as a severity level 3 offender under K.S.A. 65-4161(a) for his conviction.

### IV. Did the Trial Court Err in Doubling Unruh's Sentence Under K.S.A. 21-4705(e)?

Finally, Unruh contends that the trial court erred when it doubled his presumptive sentence under K.S.A. 21-4705(e). Unruh's argument involves an interpretation of K.S.A. 21-4705(e). Interpretation of a statute presents a question of law over which an appellate court has unlimited review. An appellate court is not bound by the trial court's interpretation of the statute. *State v. Bryan*, 281 Kan. 157, 159, 130 P.3d 85 (2006).

K.S.A. 21-4705(e) states:

"The sentence for a second or subsequent conviction of K.S.A. 65-4159 and amendments thereto, manufacture of any controlled substance or controlled substance analog shall be a presumptive term of imprisonment of two times the maximum duration of the presumptive term of imprisonment."

Unruh contends that the trial court should not have doubled his sentence under K.S.A. 21-4705(e) because his conviction in the current case was actually his first conviction for manufacture of a controlled substance. In the instant case, Unruh was convicted by guilty plea of manufacture of methamphetamine in violation of K.S.A. 65-4159 on January 24, 2002. On February 20, 2002, Unruh was then convicted in Reno County Case No. 01CR676 of unlawful manufacture of methamphetamine. Although the criminal history worksheet indicates that the Reno County conviction occurred under K.S.A. 65-4160 (possession), both the parties and the trial court treated it as a conviction of manufacture of methamphetamine under K.S.A. 65-4159.

The record in this case establishes that Unruh's conviction in the instant case was his first conviction for manufacture of a controlled substance. Nevertheless, the trial court used Unruh's Reno County conviction to elevate his conviction in the instant case to a second conviction of manufacture of a controlled substance and doubled his sentence under K.S.A. 21-4705(e).

Arguing that the trial court properly used Unruh's later Reno County conviction to double his sentence under K.S.A. 21-4705(e), the State cites K.S.A. 21-4710(a), which states:

"A prior conviction is any conviction, other than another count in the current case which was brought in the same information or complaint or which was joined for trial with other counts in the current case pursuant to K.S.A. 22-3203 and amendments thereto, which occurred prior to sentencing in the current case *regardless of whether the offense that led to the prior conviction occurred before or after the current offense or the conviction in the current case.*" (Emphasis added.)

Nevertheless, because K.S.A. 21-4710(a) relates only to the use of prior convictions to establish a defendant's criminal history category in the Kansas Sentencing Guidelines Act (KSGA) grid, this statute does not support the State's argument.

The State also cites *State v. Bandy*, 25 Kan. App. 2d 696, 700, 971 P.2d 749 (1998), *rev. denied* 266 Kan. 1110 (1999), where this court, relying on the definition of "prior conviction" in K.S.A. 21-4710(a), stated:

"The intent of the legislature in determining a defendant's criminal history in the KSGA is to allow all prior convictions regardless of the timing of the previous offense(s). We extend by analogy this intention and apply it to other self-contained habitual violator statutes, such as the driving with a suspended license statute . . . . This provides a harmonious application of all habitual violator statutes regardless of whether an individual statute is silent as to the timing of prior offenses."

Nevertheless, the holding in *Bandy* does not apply to the instant case because K.S.A. 21-4705(e) is not a "self-contained" habitual violator statute.

Moreover, recently in *State v. Ruiz-Reyes*, 285 Kan. 650, 175 P.3d 849 (2008), our Supreme Court declined to apply the definition of a prior conviction set forth in K.S.A. 21-4710(a) to K.S.A. 65-4161, a self-contained habitual criminal statute, when the plain

language of K.S.A. 65-4161(b) resulted in a different definition of prior conviction. K.S.A. 65-4161(b) states that "[i]f any person who *violates* this section *has* one prior conviction under this section . . . then that person shall be guilty of a drug severity level 2 felony." (Emphasis added.) Our Supreme Court held that under the plain language of K.S.A. 65-4161(b), convictions obtained after a defendant's violation of that section are not used to enhance the defendant's current crime of conviction. 285 Kan. 650, Syl. ¶ 6. See also *State v. Paul*, 285 Kan. 658, 175 P.3d 840 (2008) (interpreting K.S.A. 65-4161[c]).

Similarly, in this case, the plain language of K.S.A. 21-4705(e) commands a definition of prior conviction different from that contained in K.S.A. 21-4710(a). Essentially, the State argues that a trial court can use a defendant's conviction of manufacture of a controlled substance in case 2 to double the defendant's sentence under K.S.A. 21-4705(e) in case 1 as long as the conviction in case 2 occurs before the sentencing in case 1. Under this scenario, a defendant would never have a first conviction for manufacture of a controlled substance and would be subject to the doubling provision of K.S.A. 21-4705(e) twice. Indeed, the record in this case indicates that Unruh was subject to the doubling provision of K.S.A. 21-4705(e) in both the current case and the Reno County case. Such a result is inconsistent with the legislature's intent, as expressed through the language of K.S.A. 21-4705(e), that the sentence for a *second or subsequent conviction* of manufacture of a controlled substance be doubled. If the legislature intended for the first conviction to be doubled, such language would have been included in K.S.A. 21-4705(e).

The legislature is presumed to have expressed its intent through the language of the statutory scheme it enacted. When a statute is plain and unambiguous, we must give effect to the legislature's intent as expressed, rather than determine what the law should or should not be. *Winnebago Tribe of Nebraska v. Kline*, 283 Kan. 64, 77, 150 P.3d 892 (2007). Until the legislature indicates otherwise, a defendant's first conviction for manufacture of a controlled substance is not subject to the doubling provision of K.S.A. 21-4705(e). Because the record establishes that Unruh's conviction of

manufacture of methamphetamine under K.S.A. 65-4159 in the instant case was actually his first conviction for manufacture of a controlled substance, his sentence should not have been doubled under K.S.A. 21-4705(e).

Sentence vacated and case remanded for resentencing in accordance with *McAdam.*