NOT DESIGNATED FOR PUBLICATION

No. 112,941

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

LOAN TRAN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Geary District Court; DAVID R. PLATT, judge. Opinion filed January 8, 2016. Reversed and remanded with directions.

*Ryan J. Eddinger*, of Kansas Appellate Defender Office, for appellant.

*Tony Cruz*, assistant county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, P.J., ATCHESON, J., and WALKER, S.J.

*Per Curiam*:  Loan Tran appeals the district court's denial of her oral motion to withdraw her plea. Tran argues the district court erred by failing to inquire further concerning an alleged conflict of interest between Tran and her defense counsel. Tran contends, by failing to appoint conflict-free counsel, the district court deprived her of effective assistance of counsel. Finding these allegations to have merit to the extent that the district court effectively forced Tran to argue her motion to withdraw the plea without the assistance of counsel, we reverse and remand for further proceedings.

1

On January 30, 2014, the State charged Tran with one count of possession of methamphetamine and two counts of possession of drug paraphernalia. The State later amended its complaint, charging Tran with two counts of possession of methamphetamine and three counts of possession of drug paraphernalia.

On August 8, 2014, Tran and the State entered into a plea agreement, whereby Tran agreed to plead guilty to one count of possession of methamphetamine and serve the appropriate grid sentence. In exchange, the State agreed to dismiss the remaining four counts against Tran.

That same day, the district court held a plea hearing. During the plea colloquy with the judge, Tran stated she was satisfied with her counsel's assistance and understood the charge against her. Tran then voluntarily accepted the plea agreement and was found guilty of possession of methamphetamine.

At the sentencing hearing 2 months later, the following exchange took place:

"THE COURT:  Okay, Ms. Tran, anything you wish to say, or any evidence you wish to present, prior to the Court imposing sentence?

"THE DEFENDANT:  I really don't understand this process. I'm sorry, Ms—I'm sorry, Judge Platt. I don't.

"THE COURT:  You—you don't understand this process?

"THE DEFENDANT:  Yeah. I know this process. It's just that—I can't—

"THE COURT:  Well, I'll tell you, what, as far as good-time credit, you get it for one case—

"THE DEFENDANT:  Uh-huh.

"THE COURT:  —you don't get it for all of them.

"THE DEFENDANT:  Right.

"THE COURT: So, it will be on this case, or it will be on another case that you've got, or whatever. But you'll only get it one time. Okay.

"THE DEFENDANT: Okay. But I don't—if I want it on my parole—if I want it to be on my parole—

"THE COURT: I don't know that we have any control over what the Department of Corrections does on your parole, on your other case. I don't think I have any ability to modify what their rules are. So, that is outside of my control. Okay.

"THE DEFENDANT: And—

"THE COURT: But you would get credit for any time served while held, solely by reason of this case—

"THE DEFENDANT: Okay, cause—

"THE COURT: —on this case.

"THE DEFENDANT: I had—I had called him. I had called my lawyer—

"THE COURT: I understand.

"THE DEFENDANT: —to pull—to pull my plea.

"THE COURT: And you may want to do that, but do you have anything to say about this case?

"THE DEFENDANT: Well, yeah. This case—I—I had called him to pull my plea, within the 14 days—pull my plea, you know, because we have 14 days to—and he didn't. I called three times, left two messages with his secretary, and he didn't. And this is the—and Friday—Friday was the time I saw him about it. And I want to pull my plea, because I didn't—I (unintelligible)—I thought I was being mis—misrepresented.

"[DEFENSE COUNSEL]: Sounds like she wants to withdraw her plea, Judge. I—I was unaware of that.

"THE DEFENDANT: I—I have—I have left three messages, and two messages with his secretary, April, saying that I want to pull the plea. And that was way—two months ago, within—within the 14 days, definitely.

"[DEFENSE COUNSEL]: She wants—

"THE COURT: Two months ago?

"THE DEFENDANT: Yeah.

"THE COURT: Inside of two months ago—

"THE DEFENDANT: We—well, I mean, within two months—

"THE COURT: —On August 8th, is when you—

"THE DEFENDANT: When I—

3

"THE COURT:  —Entered your no contest plea, and the Court questioned you concerning all of that.

"THE DEFENDANT:  Uh-huh.

"THE COURT:  So, sometime after—

"THE DEFENDANT:  After—

"THE COURT:  —after that—

"THE DEFENDANT:  Yeah. Within tha—within the first week of that, I had called—called the office. And he didn't do that.

"THE COURT:  Whose office? The parole officer?

"THE DEFENDANT:  No. No, no. I can't call there. [Defense counsel's] office. I left tw—out of tw—two messages—two, three messages (unintelligible), asking if he can pull the plea, and left two messages with April, because I—she—I—she knows my concern about it. I was upset about it.

"THE COURT:  Okay. Any evidence you wish to present, concerning that oral motion to withdraw your plea?

"THE DEFENDANT:  Other than—other than that, no. I just want my pe—my—my plea—my plea pulled.

"THE COURT:  Court would note that, would note that it does not comply with any of the conditions as set out by statute or case law, and would deny the defendant's oral motion to withdraw her plea."

Following this exchange, the district court sentenced Tran to 20 months' imprisonment.

On October 7, 2014, Tran filed a timely notice of appeal. The notice of appeal read:

"COMES NOW the defendant, Loan Tran by and through her attorney, Allen B. Angst, and files a Notice of Appeal from the Sentencing before Honorable Judge Platt on the 6th day of October, 2014, in the District Court of Geary County, Kansas. The Defendant appeals this to the Kansas Court of Appeals."

4

*Conflict of interest*

On appeal, Tran contends the district court erred by failing to conduct a meaningful inquiry into a potential conflict of interest. In response, the State first argues this court lacks jurisdiction to consider the merits of Tran's appeal.

Statutory interpretation and the determination of jurisdiction present questions of law over which an appellate court's review is unlimited. *State v. Laurel*, 299 Kan. 668, 673, 325 P.3d 1154 (2014).

In Kansas, the right to an appeal is entirely a statutory right; it is not guaranteed by the United States or Kansas Constitutions. In turn, an appellate court must dismiss an appeal when the record indicates a lack of jurisdiction. *State v. Phinney*, 280 Kan. 394, 398, 122 P.3d 356 (2005).

In a criminal proceeding, a defendant's right to an appeal is controlled by K.S.A. 2014 Supp. 22-3602(a), which provides:

> "Except as otherwise provided, an appeal to the appellate court having jurisdiction of the appeal may be taken by the defendant as a matter of right from any judgment against the defendant in the district court and upon appeal any decision of the district court or intermediate order made in the progress of the case may be reviewed. No appeal shall be taken by the defendant from a judgment of conviction before a district judge upon a plea of guilty or nolo contendere, except that jurisdictional or other grounds going to the legality of the proceedings may be raised by the defendant as provided in K.S.A. 60-1507, and amendments thereto."

K.S.A. 2014 Supp. 60-2103(b) governs the content requirements of a notice of appeal. See *Laurel*, 299 Kan. at 673. An appellate court has jurisdiction over issues raised in the notice of appeal only. *State v. Huff*, 278 Kan. 214, 217, 92 P.3d 604 (2004). To confer jurisdiction, the notice of appeal must "substantially" comply with K.S.A. 2014 Supp. 60-2103(b), which requires it to "designate the judgment or part thereof appealed from." See Supreme Court Rule 2.02 (2015 Kan. Ct. R. Annot. 12).

Kansas appellate courts have recognized "[t]he notice of appeal is not a device to alert the parties to all possible arguments on appeal." *State v. Unruh*, 39 Kan. App. 2d 125, 133, 177 P.3d 411 (2008) (citing *State v. Boyd*, 268 Kan. 600, 606, 999 P.2d 265 [2000]). An appellate court, therefore, must liberally construe the notice of appeal in a criminal case to assure a just, speedy, and inexpensive determination. *Unruh*, 29 Kan. App. 2d at 133; see *State v. Wilkins*, 269 Kan. 256, 270, 7 P.3d 252 (2000).

While the notice of appeal need not be overly technical or detailed, "there is still a substantive minimum below which a notice cannot fall and still support jurisdiction." *Laurel*, 299 Kan. at 673. An appellate court must not overreach the plain meaning of words to confer jurisdiction. See, *e.g.*, *State v. Coman*, 294 Kan. 84, 90, 273 P.3d 701 (2012) (notice appealing sentence cannot be construed to support appeal of conviction).

This case is very similar to *State v. Mills*, No. 110,579, 2015 WL 1122985 (Kan. App.) (unpublished opinion), *rev. denied* 302 Kan. ___ (September 14, 2015). In that case, the defendant filed a motion for a new trial after the jury found him guilty of two drug crimes. The district court convened a hearing on the defendant's motion and sentencing. At the hearing, the district court denied the defendant's motion and imposed sentence. The defendant appealed "'the judgment entered at his sentencing on May 3, 2013,'" but he raised two issues on appeal—one concerning his sentencing and one concerning the motion for new trial. 2015 WL 1122985, at *2.

6

This court concluded the notice of appeal adequately covered both issues addressed at the sentencing hearing. The court remarked: "'[W]e must not, in the interest of justice, judicial expedience, and cost, read [the defendant's] notice of appeal too technically.'" 2015 WL 1122985, at *5.

Here, Tran appealed "from the Sentencing . . . on the 6th day of October, 2014." Like in *Mills*, Tran raised an issue on appeal that was decided at her sentencing hearing but that was unrelated to her actual sentence. Construing Tran's notice of appeal liberally, it can be read to identify the sentencing hearing rather than her actual sentence as the interest of her appeal. Since the notice uses broad language, it is somewhat unclear whether Tran intended to limit her notice of appeal to issues relating to her sentence. However, as *Mills* demonstrates, an appellate court should construe the language of a notice of appeal broadly. As such, in this case we construe Tran's notice broadly to include decisions entered by the district court at her sentencing hearing on October 6, 2014.

Our conclusion is buttressed by the holding of the Kansas Supreme Court in *Laurel*, which discusses the notice of appeal requirements in criminal cases. 299 Kan. at 673-76. There, the State argued the defendant's notice of appeal was insufficient to confer jurisdiction because it referenced a nonparty, named the wrong appellate court, and failed to include a statutory citation for the authority to directly appeal to the Kansas Supreme Court. The State did not argue it was misled, surprised, or prejudiced by the defendant's errors. The court noted that Kansas appellate courts "have generally considered whether the State has been prejudiced by a defendant's timely filed but otherwise faulty notice of appeal." 299 Kan. at 674. Finding the State failed to complain of prejudice, the court held the notice of appeal was sufficient to confer jurisdiction. 299 Kan. at 675-76.

As in *Laurel*, here the State does not demonstrate that it was in any way prejudiced by Tran's notice of appeal. In fact, the State could have anticipated that Tran's notice of

7

appeal actually pertained to the district court's denial of her motion to withdraw her plea. As part of Tran's plea, she agreed to serve the appropriate grid sentence. It does not make logical sense that Tran would be appealing a sentence, which she readily accepted.

In sum, the language of Tran's notice of appeal is broad enough to cover her point on appeal. Moreover, the State failed to establish, or otherwise identify, that it was somehow prejudiced by it.

Accordingly, because Tran's notice of appeal is sufficient, we will consider the merits of her appeal.

*Abuse of discretion*

Tran's basic argument on appeal is that the district court erred in failing to make a meaningful inquiry into the facts surrounding her oral motion to withdraw her plea. Tran believes that she alerted the district court to a conflict of interest at the sentencing hearing and therefore the court had a duty to conduct a meaningful inquiry into the potential conflict before ruling on her oral motion to withdraw her plea. She contends the district court's failure to do so was an abuse of discretion.

The Sixth Amendment to the United States Constitution guarantees the right of a criminal defendant to effective assistance of counsel during all critical stages of the criminal proceeding. *State v. Pfannenstiel*, 302 Kan. 747, 758, 357 P.3d 877 (2015). This right "extends to postconviction proceedings in which the State is represented by counsel." *State v. Prado*, 299 Kan. 1251, 1256, 329 P.3d 473 (2014). In this case, Tran had a constitutional right to conflict-free counsel at sentencing because the State was represented.

8

"'It is the task of the district judge to insure that a defendant's Sixth Amendment right to counsel is honored.'" *State v. Vann*, 280 Kan. 782, 789, 127 P.3d 307 (2006) (quoting *State v. Taylor*, 266 Kan. 967, 975, 975 P.2d 1196 [1999]). In turn, when a district court "''becomes aware of a possible conflict of interest between an attorney and a defendant charged with a felony, the court has a duty to inquire further.'''" *Prado*, 299 Kan. at 1256 (quoting *Vann*, 280 Kan. at 789; *Taylor*, 266 Kan. at 979). The district court abuses its discretion when it fails to inquire after becoming aware of a potential conflict of interest. *Prado*, 299 Kan. at 1256-57; *Vann*, 280 Kan. at 789.

The first issue is whether the district court was aware or should have been aware of a potential conflict of interest. See *Prado*, 299 Kan. at 1257. "When a defendant asserts alleged deficiencies in counsel's performance during plea negotiations as the basis for a motion to withdraw plea, a district court must inquire further into the alleged conflict." 299 Kan. at 1258.

In *Taylor*, for instance, the defendant requested his plea withdrawl before sentencing and a continuance to obtain new counsel. At the sentencing hearing, the district court denied the defendant's motion without allowing him to address the court. The defendant later complained extensively about his counsel and implied to the district court that he only accepted the plea because his counsel "was unwilling or unprepared to try his case on the day of trial." 266 Kan. at 973.

On appeal, the Kansas Supreme Court held the district court erred in failing to inquire into the potential conflict of interest. The court explained:  "[W]ithout the assistance of conflict-free counsel, [the defendant] was given no meaningful opportunity to show 'good cause.'" 266 Kan. at 977. The court also noted the defendant's statements placed his counsel in a "difficult position" because his counsel could not deny the defendant's statements and still advocate in the defendant's best interests. 266 Kan. at 973-74.

As shown in the transcript from the sentencing hearing, after being given an opportunity to address the court, Tran first indicated she did not understand the process. She then elaborated that she had called her attorney three times and left two messages for him so that she could "pull my plea," but she had not heard back from him. Following Tran's comments, her attorney interjected that it sounded to him like his client wanted to withdraw her plea but stated he was unaware of her wishes. This clearly should have alerted the district court to a potential conflict of interest between Tran and her attorney.

The next issue is whether the district court conducted an appropriate inquiry of the conflict. Once alerted to a potential conflict of interest, a district court must inquire as to the nature of the conflict. "'[S]imply allowing a defendant to make a statement regarding his or her complaints is an insufficient inquiry.'" *Prado*, 299 Kan. at 1259. A district court abuses its discretion by denying a defendant the opportunity to have conflict-free counsel argue that good cause supports the defendant's motion to withdraw his plea. 299 Kan. at 1259.

Having been made aware of the conflict between Tran and her counsel, the district court was under a duty to inquire into the reasons for the problem. But other than a few desultory questions about when and to whom Tran had made the phone calls, the court made no real effort to inquire into any conflict between Tran and her attorney. Nothing in the record shows any questions directed by the court to Tran or her attorney to discuss the apparent breakdown in attorney-client communication. Likewise, the court did not continue or even recess the hearing to allow Tran to speak with her defense attorney about any reasons she might have to withdraw her plea. Instead, the judge immediately asked Tran if she had any evidence to present on what it construed as her oral motion to withdraw her plea. When Tran merely reiterated her wish to have "my plea pulled," the court immediately found that the motion to withdraw her plea did not comply with statute or caselaw and summarily denied the motion. Of critical importance, the record reveals

10

Tran's attorney did not seek and was not given any opportunity to address the court at any time after his initial comment indicating his surprise at Tran's wishes.

In this case, unlike *Prado* and *Taylor*, Tran's indication of a desire to "pull my plea" did not expressly allege dissatisfaction with her counsel's performance before or during plea negotiations. Instead, Tran complained, at the sentencing hearing, that she tried to contact her defense counsel within 14 days following the plea hearing to request he withdraw her plea. Tran explained she never spoke directly with her counsel and a motion to withdraw her plea was never filed. Tran argues, when her counsel denied awareness of her desire to withdraw her plea, the district court should have been alerted to a potential conflict of interest.

Although proper inquiries by the court to Tran and her counsel might have permitted the judge to find that her complaints were merely remorse about entering into the plea agreement, no such inquiries were made here. The district court never directly questioned Tran about the conflict. Instead, the district court was more concerned with determining when Tran attempted to contact her counsel. Moreover, the district court did not ask Tran whether she was dissatisfied with her counsel's performance or whether she believed the plea was unsupported. Rather, the district court simply asked Tran whether she would like to present any evidence to support her oral motion to withdraw her plea. When Tran responded, "Other than—other than that, no. I just wanted . . . my plea pulled," the district court denied the motion.

At bottom, the district court effectively compelled Tran to argue her own motion to withdraw her plea without the assistance of counsel. That violated her Sixth Amendment right to legal representation. The district court should have inquired to determine if there was a conflict between Tran and her lawyer. If not, the district court should have permitted them to discuss any possible motion to withdraw the plea, even if that required recessing or continuing the sentencing. If the inquiry revealed a genuine

11

conflict, the district court should have appointed new counsel for Tran to explore the ramifications of withdrawing her plea—something that almost certainly would have required a continuance.

Given the lack of direct questioning of Tran and her counsel, we find the district court abused its discretion by failing to properly explore the potential conflict of interest between Tran and her counsel. Under the holdings in *Prado*, *Vann*, and *Taylor*, this flaw then resulted in a failure to insure that Tran's Sixth Amendment right to counsel was protected. It follows that this failure fatally tainted the court's action in summarily denying what it construed as an oral motion to withdraw Tran's plea.

Reversed and remanded with directions to conduct a proper inquiry into Tran's alleged conflict with her counsel.