(356 P.3d 1)
No. 111,766

Nina Eva Hajda, *Appellant*, v. University of Kansas Hospital Authority, d/b/a The University of Kansas Hospital, d/b/a University of Kansas Medical Center; Gary A. Johnson, M.D.; Emily Rangel, M.D.; Rhonda Johnson, Ph.D.; Evelyn Reynolds, M.D.; Rachel Van Horn, M.D.; and Nancy E. Hammond, M.D., *Appellees.*

Opinion filed July 31, 2015.

*Nina Eva Hajda*, appellant pro se.

*M. Bradley Watson, Scott K. Logan, Jeff K. Brown, Christopher H. Logan,* and *David M. Tyrrell,* of Logan Logan & Watson, L.C. of Prairie Village, for appellees Gary A. Johnson, M.D.; Emily Rangel, M.D.; Rhonda Johnson, Ph.D.; Rachel Van Horn, M.D.; Evelyn Reynolds, M.D.; and Nancy Hammond, M.D.

*Lori D. Dougherty-Bichsel* and *Janet M. Simpson,* of Simpson, Logback, Lynch, Norris, P.A., of Overland Park, for appellee University of Kansas Hospital Authority.

Before SCHROEDER, P.J., GREEN, J., and LARSON, S.J.

SCHROEDER, J.: Nina Eva Hajda timely filed this medical malpractice suit against six doctors, the University of Kansas Hospital (the Hospital), and the University of Kansas Medical Center (KUMC). She timely issued summonses on all of the parties, but she failed to obtain valid service. Pursuant to K.S.A. 2014 Supp. 60-203(b) and the district court's order, after the statute of limitations had run, Hajda re-served the six doctors and received permission from the district court to amend her petition. In the amended petition, Hajda changed the name of the defendant entities she initially served from KUMC and the Hospital to the Kansas University Hospital Authority (KUHA). K.S.A. 2014 Supp. 60-203(b) extends the time to obtain service if the original attempt at service is determined to be defective due to an irregularity in form, procedure, or a defect in making service. Additionally, if the service is obtained within the statutory deadlines of subsection (b), the service date relates back to the date the petition was filed.

Valid service on the six doctors was subsequently obtained within the statutory time frame of K.S.A. 2014 Supp. 60-203(b), and the

service related back to when the petition was filed. However, filing a lawsuit and naming the wrong party is not an irregularity in form or procedure or a defect in making service. K.S.A. 2014 Supp. 60-203(b) cannot be used to extend the time upon which valid service on a party not initially named as a defendant can be obtained. The district court correctly granted KUHA's motion to dismiss.

Hajda also requests that we change the district court judge and/or assign her case's venue to another judicial district. We deny her requests. We affirm in part, reverse in part, and remand for further proceedings.

## FACTS

Hajda began treatment at the Hospital on December 7, 2010. Following several months of treatment, Hajda consulted an attorney in February 2011 regarding a potential medical malpractice claim against the Hospital and several of Hajda's physicians. On December 12, 2012, Hajda filed a pro se pleading alleging medical malpractice against the Hospital; KUMC; Gary A. Johnson, M.D.; Rhonda Johnson, Ph.D.; Rachel Van Horn, M.D.; Emily Rangel, M.D.; Evelyn Reynolds, M.D.; and Nancy E. Hammond, M.D. On December 17, 2012, Hajda attempted to serve all the defendants by serving a single summons on the office of James Pottorff, general counsel for KUMC. The summons was actually served on Pottorff's administrative assistant, Patrick Phillips.

On August 13, 2013, the district court sent Hajda a letter stating her case was on the dismissal docket for failure to prosecute. On August 26, 2013, Hajda requested an entry of default judgment against the defendants for failure to answer. At the dismissal hearing on August 30, 2013, the district court gave Hajda 60 days to re-serve the defendants.

On October 29, 2013, Hajda filed a motion requesting permission to amend her petition to "correct the misnomer and properly name" KUHA as a defendant, replacing the Hospital and KUMC. Hajda also filed a motion for an extension of time to re-serve the defendants. On November 15, 2013, following a hearing on Hajda's motions, the district court granted her motion to amend her petition to change the name of the defendant from the Hospital and

KUMC to KUHA and granted her motion for additional time to serve the defendants.

Hajda filed summonses to serve the defendants on November 20, 2013, and service was obtained on the defendants between November 23, 2013, and December 10, 2013. On December 10, 2013, defense attorney Brad Watson filed a motion to dismiss pursuant to K.S.A. 2014 Supp. 60-212(b)(5) on behalf of the six doctors. KUHA filed a motion to dismiss on December 12, 2013, pursuant to K.S.A. 2014 Supp. 60-212(b)(2) and K.S.A. 2014 Supp. 60-212(b)(6), because the statute of limitations had run before valid service was obtained on KUHA. On January 27, 2014, Hajda filed a request for default judgment against Dr. Van Horn. Hajda then filed a motion for default judgment against Dr. Van Horn on February 11, 2014, for her failure to answer.

On February 13, 2014, the district court held a hearing on the defendants' motions to dismiss. As a preliminary matter in response to Hajda's motion for default judgment against Dr. Van Horn for failure to answer, Watson explained on the record he was the attorney of record for all six doctors and was actually answering on behalf of all six doctors. Following a discussion on whether Dr. Van Horn had been served, the district court clarified its decision would apply to all the defendants including Dr. Van Horn and denied Hajda's motion for default judgment.

At the February 13, 2014, hearing, the district court judge summarized based on her recollection what had occurred at the August 30, 2013, dismissal docket:

"At that time, in August, the plaintiff requested an entry of default based on the fact that none of the defendants had answered, and while that dismissal docket is usually not on the record, and in this case wasn't, the Court, without looking at the files or dealing with any statute of limitations issue, directed the plaintiff, or told the plaintiff, that the Court didn't believe she had good service, for the sole reason that the Court knew that KU didn't usually ignore service, number 1.

"Number 2, the Court also knew that . . . it was difficult to get proper service on KU and the doctors, because I know of attorneys that couldn't get correct service on the correct department.

"MS. HAJDA: Entity

"THE COURT: Entity.

"MS. HAJDA: Entity, yes

"THE COURT: Thank you. So at that time, what the Court did was solely inform the plaintiff to re-serve on the correct entity or defendants. The Court also told the plaintiff to speak with counsel to get some advice as to getting proper service, I believe the plaintiff at that time told me she'd already talked to attorneys who had told her she had gotten good service, but the Court so encouraged her at that time wherein, that's when the Court entered an order telling her to re-serve the defendants within 60 days and that I would reset this case in 90 days."

The district court went on to state that the real issue governing whether the district court should grant the defendants' motions to dismiss was whether Hajda's petition was filed and service of process obtained within the statute of limitations. The district court clarified it did not believe the issue had been previously decided when it entered an order telling Hajda to re-serve the defendants within 60 days.

The district court held that the issue was strictly a matter of law and found:

(1) Hajda knew or should have known she had suffered injury by April 1, 2011;

(2) Pursuant to K.S.A. 2014 Supp. 60-203, K.S.A. 2014 Supp. 60-206, K.S.A. 2014 Supp. 60-304, and K.S.A. 2014 Supp. 60-513, in conjunction with the case involving *Fisher v. DeCarvalho*, 298 Kan. 482, 314 P.3d 214 (2013), the case was not commenced within the statute of limitations;

(3) The district court's prior hearings were not intended to vitiate any statute or bar any defense;

(4) The original service did not provide constructive notice to the defendants;

(5) The original service did not substantially comply with the requirements of the service statute; and

(6) The improper service was not based on irregularity in form or procedure.

The district court granted the defendants' motions to dismiss.

Hajda filed an objection to the journal entry prepared by the defendants' counsel. Following a hearing on Hajda's objection, the district court denied Hajda's objection. The district court considered her objection to the journal entry as a motion for reconsideration. Hajda refused to sign the journal entry.

On April 25, 2014, Hajda appealed the district court's dismissal of her case as well as all findings, rulings, and decisions relating to the order and to the case.

## ANALYSIS

On appeal, Hajda argues 10 separate issues. Despite Hajda's numerous arguments, the arguments fall into four main categories—the most important issue being whether the district court erred in dismissing the case on February 13, 2014, because it was not commenced within the statute of limitations. Before addressing that issue, we will address whether the district court erred in denying Hajda's first motion for default judgment at the August 30, 2013, dismissal docket.

*Did the district court err in denying Hajda's first motion for default judgment?*

On appeal, Hajda argues the original service on the general counsel's office for KUMC was valid service as to all the defendants and that the district court erred in ordering her to re-serve the defendants rather than granting her motion for default judgment.

K.S.A. 2014 Supp. 60-203(a) provides the statutory requirements for commencing a civil action such as a medical malpractice suit:

"(a) *Time of commencement.* A civil action is commenced at the time of: (1) Filing a petition with the court, if service of process is obtained or the first publication is made for service by publication within 90 days after the petition is filed, except that the court may extend that time an additional 30 days upon a showing of good cause by the plaintiff; or (2) service of process or first publication, if service of process or first publication is not made within the time specified by paragraph (1)."

Service of process is controlled by statute. Interpretation of a statute is a question of law over which appellate courts have unlimited review. *Cady v. Schroll,* 298 Kan. 731, 734, 317 P.3d 90 (2014). The most fundamental rule of statutory construction is that the intent of the legislature governs if that intent can be ascertained. *Nationwide Mutual Ins. Co. v. Briggs,* 298 Kan. 873, 875, 317 P.3d 770 (2014). When a statute is plain and unambiguous, an appellate court should not speculate about the legislative intent behind that

clear language, and it should refrain from reading something into the statute that is not readily found in its words. *Cady*, 298 Kan. at 738-39. Where there is no ambiguity, the court need not resort to statutory construction. Only if the statute's language or text is unclear or ambiguous does the court use canons of construction or legislative history to construe the legislature's intent. 298 Kan. at 739. We find no ambiguity in the statute.

While there is no transcript of what occurred at the August 30, 2013, hearing, there is a trial docket entry granting Hajda 60 days to re-serve the defendants. There is no record of the district court denying Hajda's request for default judgment; however, when the trial docket entry granting Hajda additional time to re-serve the defendants is combined with the district court's recollection of the hearing and Hajda's own recollection of the hearing, the record before us reflects the district court denied Hajda's request for default judgment based on insufficient service.

Under K.S.A. 2014 Supp. 60-255(a), a party may request default judgment when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend" against the suit. "On request and a showing that a party is entitled to a default judgment, the court must render judgment against the party in default for the remedy to which the requesting party is entitled." K.S.A. 2014 Supp. 60-255(a). However, "[i]n a case where the defendant does not appear the record must show a legal service, or the judgment will be void, and the rule is the same whether the service relied upon was personal or constructive." *Repine v. McPherson*, 2 Kan. 340, 346 (1864). "Jurisdiction over the person of the defendant may be acquired only by issuance and service of process in the method prescribed by statute or by voluntary appearance. [Citation omitted.]" *Kansas Bd. of Regents v. Skinner*, 267 Kan. 808, 812, 987 P.2d 1096 (1999).

In her initial pleading, Hajda named as defendants the Hospital, KUMC, and the six doctors. Hajda attempted to serve all the defendants via agent service through the office of Pottorff, general counsel for KUMC. Before default judgment could be issued against the defendants, the record had to show legal service. K.S.A.

2014 Supp. 60-304(a) provides that service of process on an individual must occur by

"serving the individual or by serving an agent authorized by appointment or by law to receive service of process. If the agent is one designated by statute to receive service, such further notice as the statute requires must be given. Service by return receipt delivery must be addressed to an individual at the individual's dwelling or usual place of abode and to an authorized agent at the agent's usual or designated address. If the sheriff, party or party's attorney files a return of service stating that the return receipt delivery to the individual at the individual's dwelling or usual place of abode was refused or unclaimed and that a business address is known for the individual, the sheriff, party or party's attorney may complete service by return receipt delivery, addressed to the individual at the individual's business address."

There were multiple issues with Hajda's initial service. First, for the six doctors, there was no indication in the record that Pottorff was an authorized agent to receive service of process. See *Highland Lumber Co., Inc. v. Knudson*, 219 Kan. 366, 370, 548 P.2d 719 (1976) (where the relationship of principal and agent is in issue, party relying thereon has the burden of establishing such a claim). The second issue was with Hajda's serving of the Hospital and KUMC. Hajda was attempting to sue the Hospital; however, she sued the wrong entities. Per Kansas statutes, the correct party should have been the University of Kansas Hospital Authority (KUHA), which is an independent instrumentality of the State, is a politic and corporate entity, and has the capacity to sue and be sued in its own name. K.S.A. 2014 Supp. 76-3304(a); K.S.A. 2014 Supp. 76-3308(a)(4). The record is very clear that KUHA is not the same entity as the Hospital or KUMC.

When serving a governmental body, service of process should be made by "serving the clerk or secretary or, if the clerk or secretary is not found, any officer, director or manager thereof." K.S.A. 2014 Supp. 60-304(d)(4). The record on appeal fails to substantiate that service on Pottorff through his assistant Phillips met the statutory requirements for service of process on any of the named defendants.

Finally, Hajda also alleges the defendants should have had constructive notice of the suit even if the service failed to give actual notice. Hajda provides no caselaw in support of her argument. All

of Hajda's alleged proof of constructive notice is contained in an appendix to her brief on appeal but cannot be found in the record. Failure to support a point with pertinent authority or show why it is sound despite a lack of supporting authority or in the face of contrary authority is akin to failing to brief the issue. *State v. Tague*, 296 Kan. 993, 1001, 298 P.3d 273 (2013). An issue not briefed by the appellant is deemed waived and abandoned. *Superior Boiler Works, Inc. v. Kimball*, 292 Kan. 885, 889, 259 P.3d 676 (2011). The burden is on the party making a claim to designate facts in the record to support that claim; without such a record, the claim of error fails. *Friedman v. Kansas State Bd. of Healing Arts*, 296 Kan. 636, 644-45, 294 P.3d 287 (2013). Including documents in the appendix of a brief does not make those documents part of the record that may be considered for appellate review. *Romkes v. University of Kansas*, 49 Kan. App. 2d 871, 886, 317 P.3d 124 (2014); see Supreme Court Rule 6.02(b) (2014 Kan. Ct. R. Annot. 40).

The record on appeal reflects there was a substantial question pending before the district court of whether Hajda had obtained valid service on any of the named defendants. Without service on the named defendants, the district court did not have jurisdiction to grant Hajda's motion for default judgment. Additionally, Hajda's motion for default judgment failed to comply with the statutory requirement of K.S.A. 2014 Supp. 60-254(c) for default judgments involving requests greater than $75,000, which required that she provide notice to "the party against whom relief is sought of the amount of money for which judgment will be taken." The district court did not err in denying Hajda's first motion for default judgment.

*Did the district court err in granting the defendants' motions to dismiss?*

Despite Hajda's initial invalid attempt at service, K.S.A. 2014 Supp. 60-203(b) provides a statutory option to cure invalid service:

"If service of process or first publication purports to have been made but is later adjudicated to have been invalid due to an irregularity in form or procedure or a defect in making service, the action is considered to have been commenced at the applicable time under subsection (a) if valid service is obtained or first

publication is made within 90 days after that adjudication, except that the court may extend that time an additional 30 days upon a showing of good cause by the plaintiff."

On appeal, Hajda argues the district court misinterpreted a recent Kansas Supreme Court case interpreting K.S.A. 60-203(b)—*Fisher*, 298 Kan. at 484—when it relied on that case to find service had occurred outside the statute of limitations and then dismissed Hajda's claim without providing her an opportunity to cure. In *Fisher*, the district court and Kansas Court of Appeals found that "Fisher was not entitled to the additional time to effect service after the adjudication of invalidity, pursuant to K.S.A. 60-203(b), because her initial attempt at service did not appear to be valid, as required by *Grimmett v. Burke*, 21 Kan. App. 2d 638, Syl. ¶ 4, 906 P.2d 156 (1995), *rev. denied* 259 Kan. 927 (1996)." *Fisher*, 298 Kan. at 484. However, the Kansas Supreme Court found that Fisher should have been afforded the opportunity, within the time limits set forth in K.S.A. 60-203(b), to attempt to effect a valid service of process after the district court's adjudication of invalidity. 298 Kan. at 484. The *Fisher* court reversed and remanded the case with directions for the district court to afford the plaintiff that opportunity. 298 Kan. at 484, 502.

In *Fisher*, 298 Kan. at 496-502, the Kansas Supreme Court discussed how, in previous restrictive interpretations of K.S.A. 60-203(b), panels of the Court of Appeals had opined that the legislature did not intend to set the bar so low that K.S.A. 60-203(b) could be applied to save any cause of action any time service of process was found to be defective for any reason. However, our Supreme Court stated that the function of the court is not to decide how low the bar should be set, but rather its job is to simply construe what the legislature has said about setting the bar. *Fisher*, 298 Kan. at 501-02. The Kansas Supreme Court held:

"We . . . find the language of K.S.A. 60-203(b) to be crystal clear. That language does, indeed, provide that its provisions can be applied to save a cause of action any time service of process is purported to have been made and is thereafter found to be defective for any reason. Any suggestion to the contrary is hereby disapproved." 298 Kan. at 502.

At the dismissal hearing held on August 30, 2013, the district court gave Hajda an additional 60 days to re-serve the defendants. However, because there is no transcript, it is impossible to tell exactly why the 60 days were given. Following re-service, the defendants filed motions to dismiss; and at the February 13, 2014, hearing, the district court summarized to the best of its recollection what had occurred at the August 30, 2013, hearing, as previously mentioned.

Similarly to the events in *Fisher*, Hajda's initial attempt at service does not appear to have been valid on any of the named defendants when she first filed the lawsuit. In order to cure the invalid service per K.S.A. 2014 Supp. 60-203(b), the purported service must be adjudicated to have been invalid due to an irregularity in form or procedure or a defect in making service. The district court judge's entry does not state why the district court ordered Hajda to re-serve the defendants, but if the district court had not felt the service was defective, there would not have been a need to order Hajda to re-serve the defendants. Because the provisions of K.S.A. 2014 Supp. 60-203(b) can be applied to save a cause of action any time service of process is purported to have been made and is thereafter found to be defective, Hajda was correctly afforded the opportunity to attempt to effect a valid service of process on the parties initially named in her petition.

Here, however, the district court improperly applied K.S.A. 2014 Supp. 60-203(b) and only gave Hajda 60 days to reattempt service. Clearly, K.S.A. 2014 Supp. 60-203(b) provides for 90 days in which to effect service once it has been determined the current service of process is invalid. This error by the district court is really immaterial as it pertains to the six doctor defendants, but it is important that the order of the district court reflect the correct amount of days to effect valid service as contained in the statute, including the right for an additional 30 days after the first 90 days when good cause has been shown.

Because Hajda should have been granted 90 days to effect valid service, the real question at the motion to dismiss hearing should have been: Was service cured pursuant to K.S.A. 2014 Supp. 60-203(b)? Exactly 60 days after the district court ordered Hajda to

re-serve the defendants, Hajda asked the district court for an extension of time to re-serve the defendants. K.S.A. 2014 Supp. 60-203(b) provides that upon a showing of good cause, the district court may extend the allowed time for re-service an additional 30 days. The district court granted Hajda's request for 30 more days to obtain service on November 15, 2013. Hajda then obtained valid service on the defendants with the last defendant served on December 10, 2013. The record now reflects all but one of the six doctors and the newly named defendant, KUHA, were served within the statutorily provided 90 days, with the last one served within the extra 30-day period granted for good cause.

Thus, we must answer whether Hajda correctly re-served the defendants pursuant to K.S.A. 2014 Supp. 60-203(b) for the action to relate back to the filing date for the six doctors and KUHA. At this point we must begin to separate our discussion on service as to the six doctors and the newly named defendant, KUHA.

The record reflects the district court found Hajda's initial service on the six doctors was invalid, but she obtained valid corrected service on the six doctors per statute within the statutory time limits, causing the effective date of the service to relate back to the filing date of the petition. See K.S.A. 2014 Supp. 60-203(b); K.S.A. 2014 Supp. 60-303; K.S.A. 2014 Supp. 60-304(a). Thus, Hajda's cause of action against the six doctors was timely initiated within the applicable statute of limitations for her cause of action, and the district court erred in granting the motion to dismiss as to the six doctors. We now turn to answer the service question on KUHA and find K.S.A. 2014 Supp. 60-203(b) does not protect Hajda's late service on KUHA.

Hajda originally served the Hospital and KUMC to initiate this cause of action. They are separate and distinct entities from KUHA and, thus, they are not the same parties for which K.S.A. 2014 Supp. 60-203(b) was designed to address. When Hajda ultimately obtained service on KUHA pursuant to the district court's order, it was the first time KUHA had been provided with notice of this action.

We now address the question of whether the initial service of the wrong parties, the Hospital and KUMC, qualifies as an irreg-

ularity in form, procedure, or defect in making service that allows the defect to be cured under K.S.A. 2014 Supp. 60-203(b) once KUHA was identified as the correct party and served. We think not.

The record reflects the initial service was attempted on the Hospital and KUMC, not KUHA. Hajda cannot save her claim under K.S.A. 2014 Supp. 60-203(b) by serving the correct party after the statute of limitations had run. Our analysis cannot stop at this point because the district court granted Hajda's motion to amend her petition on October 29, 2013, in order to correct the misnomer and replace the Hospital and KUMC with KUHA.

*Did the order granting Hajda's motion to amend her petition save her claim against KUHA?*

KUHA argued at the motion to dismiss hearing that the district court erred when it allowed Hajda to amend her petition. On appeal, KUHA changed its argument and now argues it was served outside the statute of limitations and that the re-service cannot bring KUHA into the suit as no attempt was ever made to serve it the first time. KUHA does not specifically argue on appeal the district court erred when it allowed Hajda to amend her petition. K.S.A. 2014 Supp. 60-215(a)(2) provides that a party may amend its pleading with the opposing party's written consent or the court's leave. At the time the district court granted leave, KUHA was not a party to the action.

While there is an argument the district court erred in allowing Hajda to amend her petition to include KUHA as a party, KUHA did not directly raise this point in its brief. An issue not briefed by a party on appeal is deemed waived and abandoned. *Superior Boiler Works*, 292 Kan. at 889. KUHA does argue on appeal that it did not receive service until after the statute of limitations lapsed. Kansas caselaw is clear that in order to stop the statute of limitations from running, the petition must be timely filed and service of process must be timely obtained on the named defendants. See *Le v. Joslin*, 41 Kan. App. 2d 280, Syl. ¶¶ 2, 5-6, 202 P.3d 677 (2009); *cf.* K.S.A. 2014 Supp. 60-301. If timely filing of the petition is not made or timely service is not obtained, then the statute of

limitations runs. In addition, an appellate court has a duty to question jurisdiction on its own initiative. When the record discloses a lack of jurisdiction, it is the duty of the appellate court to dismiss the appeal. *Northern Natural Gas Co. v. ONEOK Field Services Co.*, 296 Kan. 906, 916, 296 P.3d 1106, *cert. denied* 134 S. Ct. 162 (2013).

A trial court is given broad discretionary power under K.S.A. 2014 Supp. 60-215 to permit or deny the amendment of pleadings, and its actions will not constitute reversible error unless it affirmatively appears that the amendment allowed or denied is so material it affects the substantial rights of the adverse party. *Tullis v. Pittsburg State Univ.*, 28 Kan. App. 2d 347, 351, 16 P.3d 971 (2000). Allowing Hajda's petition to be amended after the statute of limitations had run to bring in a new party clearly affects the substantial rights of KUHA.

"In the event an amendment is necessary to change the name of a party after the statute of limitations has expired, as it has in this case, the amended petition would only relate back to the date of the original petition if the requirements of K.S.A. 60-215(c)(2) are met: (1) the claim arose out of the same conduct, transaction, or occurrence set forth in the original pleading; and (2) within the statute of limitations, including the period for service of process, the party to be brought in by amendment (a) received notice of the action, and (b) knew or should have known that but for a mistake concerning the identity of the proper party the action would have been brought against the party." *Vorhees v. Baltazar*, 283 Kan. 389, 413, 153 P.3d 1227 (2007).

The record is insufficient to determine whether KUHA received notice of the action or knew or should have known that except for a mistake concerning the identity of the proper party, the action would have been brought against KUHA within the statute of limitations.

Hajda does attempt to include some materials she believes show KUHA was aware of or should have been aware of the suit within the statute of limitations; however, the documents are included in the appendix to her brief and are not in the record. There is no transcript of the hearing on Hajda's motion to amend her pleading. The record simply shows Hajda's motion was granted. At the dismissal hearing on February 13, 2014, Hajda argued KUMC in-

cludes the Hospital and because the president and CEO of the Hospital also sits on the board of directors of KUHA, then serving the general counsel for KUMC was sufficient to show KUHA knew or should have known about the suit. The record on appeal fails to reflect any of these relationships. KUHA asserts in its brief that it was not made aware of the suit until it received service on November 22, 2013, and the statute of limitations had run.

Hajda cannot use K.S.A. 2014 Supp. 60-203(b) to keep the statute of limitations from lapsing by claiming a party she never timely served should have known about the pending action. The record reflects Hajda attempted service on KUMC and the Hospital and if *that* service had been defective, then K.S.A. 2014 Supp. 60-203(b) could have been used to fix the defect. K.S.A. 2014 Supp. 60-203(b) cannot be used to fix the defect of suing the wrong party. The district court correctly granted KUHA's motion to dismiss as the statute of limitations on Hajda's claim had run before valid service was obtained.

*Did the district court err in denying Hajda's second motion for default judgment against Dr. Van Horn?*

Hajda also argues the district court erred when it denied her second motion for default judgment against Dr. Van Horn because counsel for the six doctors only filed his pleading on behalf of five of the doctors. Hajda claims Dr. Van Horn failed to answer or reply and the district court erred in denying her motion. Hajda's argument fails.

The confusion arises because the motion to dismiss filed by attorney Watson on behalf of the doctors initially stated:

"Come Now Defendants Gary A. Johnson, M.D., Evelyn Reynolds, M.D., Rhonda Johnson, Ph.D., Nancy Hammons, M.D., and Emily Rangel, M.D. (hereinafter collectively referred to as these 'Defendants') by and through their counsel of record, and for their Joint Motion to Dismiss Plaintiff's Petition for Damages in this matter, state as follows[.]"

While it appears Dr. Van Horn was not a party to the motion in the opening paragraph, Dr. Van Horn was named on the second page of the motion and the last page of the motion to dismiss stated:

"WHEREFORE, for the above and foregoing, Defendants Gary Johnson, M.D., Rhonda Johnson, Ph.D., *Rachel Van Horn, M.D.*, Emily Rangel, M.D., Evelyn Reynolds, M.D., and Nancy Hammond, M.D. respectfully request this Court enter its Order dismissing Plaintiff's Petition filed on December 12, 2012, for their costs incurred herein, or in the alternative, these Defendants respectfully request an additional 14 days in which to answer or otherwise file their responsive pleading to Plaintiff's Petition for Damages, and for such other and further relief as this Court deems just and equitable." (Emphasis added.)

Following a discussion on whether Dr. Van Horn had been served, the district court clarified that its decision would apply to all the defendants including Dr. Van Horn. The record clearly reflects Watson intended to answer for Dr. Van Horn and did so by including her name in the body of the answer. Hajda's claim on this point is without merit. Additionally, we note Hajda does not include any pertinent authority showing why Dr. Van Horn's response was insufficient. Failure to support a point with pertinent authority or show why it is sound despite a lack of supporting authority or in the face of contrary authority is akin to failing to brief the issue. *Tague*, 296 Kan. at 1001. An issue not briefed by the appellant is deemed waived and abandoned. *Superior Boiler Works*, 292 Kan. at 889.

Next, Hajda argues the district court erred when it denied her request for default judgment on the basis of failing to keep Dr. Van Horn informed. Hajda's argument is without merit and fails to recognize the district court's obligation to follow and apply K.S.A. 2013 Supp. 60-254(c), which states:

"A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings. Before a default judgment is taken in an action in which the pleading of the party seeking relief states only that the amount sought as damages is in excess of $75,000, without demanding a specific amount of money, as provided in subsection (a) of K.S.A. 60-208, and amendments thereto, the party seeking relief must notify the party against whom relief is sought of the amount of money for which judgment will be taken. Notice must be given by return receipt delivery, or as the court orders, at least 14 days before the date judgment is sought. Every other final judgment should grant relief to which each party is entitled, even if the party has not demanded that relief in its pleadings."

As previously stated, interpretation of a statute is a question of law over which appellate courts have unlimited review. *Cady v.*

*Schroll*, 298 Kan. 731, 734, 317 P.3d 90 (2014). K.S.A. 2014 Supp. 60-254(c) is clear and unambiguous. Giving the words their plain meaning, this means that before Hajda could obtain a default judgment against Dr. Van Horn, she had to provide Dr. Van Horn with notice of the hearing and the actual amount of damages she was seeking at least 14 days before the motion for default judgment was set for hearing. When asked at the February 13, 2013, hearing whether Hajda had provided the required notice to the defendants, Hajda replied: "Not—not—not until August, but I was seeking legal aid in order to do that." Dr. Van Horn was not in default, and Hajda failed to comply with the requirements of K.S.A. 2014 Supp. 60-254(c). The district court did not err in denying her second default judgment motion.

*Was the district court guilty of extreme bias?*

In her brief, Hajda makes multiple references to the extreme bias she allegedly experienced from the district court judge. Hajda asks this court to reverse the district court's decision on this basis and remand her case to a different district court judge and judicial district. We have carefully reviewed all of Hajda's complaints and deem it unnecessary to repeat them here. We find Hajda's complaints reflect conjecture and speculation on her part without valid support in the record. Failure to support a point with pertinent authority or show why it is sound despite a lack of supporting authority or in the face of contrary authority is akin to failing to brief the issue. *Tague*, 296 Kan. at 993. We recognize Hajda is pro se, but that does not give her the right to make improper and unnecessary attacks on the district court.

The fact the district court ruled against her "presents a legally insufficient basis for a finding of bias or prejudice on the part of the trial judge." *State v. Hurd*, 298 Kan. 555, 570, 316 P.3d 696 (2001); see K.S.A. 20-311d(d). Additionally, the record reflects Hajda never filed a motion or an affidavit pursuant to K.S.A. 20-311d setting out the basis of why she thought the district court judge should recuse. We understand the need to liberally construe pro se pleadings, see *State v. Kelly*, 291 Kan. 563,565, 244 P.3d 639 (2010), (pro se pleadings are liberally construed), but Hajda

has failed to follow the proper statutory procedure under K.S.A. 20-311d and has established no prejudice. Her request to change the district court judge is without merit. The motion to reverse the judgment of the district court based on bias is denied, and Hajda's requests to assign the case to a different judge and/or a different venue are denied.

## CONCLUSION

Hajda failed to comply with K.S.A 2014 Supp. 60-254(c) in submitting her motion for default judgment in excess of $75,000 when she did not providing notice to the party she claimed was in default of the amount of money she wanted to take default judgment against. The district court misinterpreted K.S.A 2014 Supp. 60-203(b) as it applied to the six doctors. The district court should not have granted the six doctors' motion to dismiss as Hajda obtained valid service upon all six doctors within the time frame allowed by K.S.A. 2014 Supp. 60-203(b). The district court properly granted KUHA's motion to dismiss as it was not serviced with notice of the suit before the statute of limitations lapsed. K.S.A. 2014 Supp. 60-203(b) cannot be used to circumvent the running of the statute of limitations when the wrong party is identified in the petition. Here, Hajda amended her petition to name KUHA as a defendant and deleted KUMC after the statute of limitation had lapsed. K.S.A. 2014 Supp. 60-203(b) corrects defective service, not a defect in naming the party being sued. Hajda's requests to change the district court judge and/or assign her case's venue to another judicial district are without merit and denied.

Affirmed in part, reversed in part, and remanded for further proceedings.