NOT DESIGNATED FOR PUBLICATION

No. 120,888

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

DAVID KIRK,
*Appellee*,

v.

VIM PROPERTIES, LLC,
*Defendant*,

GREGORY V. BLUME,
*Appellant*,

and

CHRISTINE I. MILLER,
*Appellee*.

MEMORANDUM OPINION

Appeal from Johnson District Court; DAVID W. HAUBER, judge. Opinion filed May 1, 2020.
Affirmed.

*Gregory V. Blume*, appellant pro se.

*Richard D. Dvorak*, of Dvorak Law, Chartered, of Overland Park, for appellees.

Before POWELL, P.J., HILL and STANDRIDGE, JJ.

PER CURIAM: David Kirk, a member of VIM Properties, LLC (VIM), filed a claim for damages and injunctive relief against VIM and the two other members of the company: Gregory V. Blume and Christine I. Miller. The district court later approved the sale of real estate property owned by VIM and ordered the sale proceeds to be held in

1

escrow pending a determination of how the funds should be distributed. Following an evidentiary hearing, the district court entered an order distributing the sale proceeds among VIM's members. Blume appeals, citing several alleged errors committed by the district court in the proceedings below and alleging that the district court deprived him of his right to a fair trial by exhibiting bias against him. For the reasons stated below, we find no error and affirm.

FACTS

VIM, a single-asset limited liability company, held title to a commercial condominium located in Overland Park, Kansas. As of 2005, VIM had two members. Blume, the managing member, owned 66.66% of the membership, and Miller owned 33.33%. In 2008, Kirk began renting a suite within VIM's office condominium. In 2012, Kirk purchased half of Blume's interest in VIM, which resulted in Kirk, Blume, and Miller each owning equal one-third interests in the company.

On August 16, 2016, Kirk filed a petition for damages and injunctive relief against VIM, Blume, and Miller. In the petition, Kirk alleged a dispute between VIM's members regarding ownership interests; capital contribution obligations; and the rights, duties, and responsibilities of each member. Specifically, Kirk claimed that Blume and Miller failed to make promised contributions to VIM, as required by the Kansas Limited Liability Act. As a result, Kirk sought a determination of his ownership interest in VIM as well as access to VIM's records and financial accounts.

The parties' attempts at mediation were unsuccessful, and the district court set the case for trial. In January 2017, the parties appeared to agree that VIM should be dissolved, that VIM's condominium should be sold, and that the assets should be distributed among the members. The parties later executed an amended operating

2

agreement that reflected the one-third ownership interest of each party, along with a purchase agreement to sell VIM's property.

On March 31, 2017, the district court entered an order approving the sale of VIM's condominium and directing that the net proceeds of the sale were to be held in escrow pending further order. The parties disagreed about how the sale proceeds should be distributed, so the district court ordered them to file briefs or summary judgment motions on the issue.

On August 16, 2017, the parties appeared before the district court on Miller's motion for summary judgment. Blume opposed Miller's request for one-third of the escrow proceeds, and Kirk advised the court that he had been unable to file his motion for summary judgment due to a delay in obtaining VIM's records and other discovery materials. The district court again advised the parties to brief their respective positions regarding payout of the escrow funds and to file responsive briefs. The court then proposed holding an abbreviated bench trial on any remaining disputed issues. The parties agreed to this procedure.

On December 18, 2017, the parties appeared for the bench trial, where the district court heard testimony from Kirk, Blume, and Miller on distribution of the escrow proceeds. On January 3, 2018, the district court filed a written order and judgment ordering distribution of the escrow proceeds in the following amounts: $8,989.35 to Blume; $35,417.01 to Miller; and $36,147.50 to Kirk.

Blume filed multiple posttrial motions, including a motion for a new trial, a motion to set aside judgment, and a motion for change of judge. The district court denied all of Blume's motions.

On February 20, 2019, the district court filed a journal entry and order granting Platinum Title's motion to pay funds into court. The order directed Platinum Title to pay into the district court clerk the amount held in escrow as proceeds of the sale of VIM's condominium, a sum of $80,553.56. On February 25, 2019, the district court filed a journal entry ordering that the escrow proceeds be distributed to each party in accordance with its previous order. Blume appeals.

ANALYSIS

Blume raises several arguments on appeal that may be combined into the following issues:  (1) The district court erred by failing to file written journal entries of its rulings on certain motions, (2) the district court erred by failing to rule on Miller's summary judgment motion, (3) the district court erred by failing to comply with Supreme Court Rule 170 (2020 Kan. S. Ct. R. 217) before approving a journal entry, and (4) the district court deprived Blume of his right to a fair trial by exhibiting bias against him. We address each of Blume's arguments in turn.

1. *Failing to file journal entries*

Blume contends that the district court's failure to file written orders or journal entries of its rulings on several of his motions left certain issues outstanding and, as a result, deprived him of his constitutional right to due process by denying him full and fair appellate review of the issues raised in each motion. Blume requests that we remand this case to the district court to make appropriate findings of fact and conclusions of law.

K.S.A. 2019 Supp. 60-252(a)(1) imposes on the district court a duty to provide findings of fact and conclusions of law. These findings and conclusions may be "stated on the record after the close of evidence, or may appear in an opinion or a memorandum of decision filed by the court." K.S.A. 2019 Supp. 60-252(a)(1). Likewise, Supreme

Court Rule 165 (2020 Kan. S. Ct. R. 215) provides that the district court must make adequate findings of fact and conclusions of law regarding all matters.

Our Supreme Court consistently has held that parties must object to inadequate findings of fact and conclusions of law to give the district court the opportunity to correct those inadequacies and, in the absence of an objection, any failure of the district court to make those findings will not be considered on appeal. *Dragon v. Vanguard Industries*, 282 Kan. 349, 356, 144 P.3d 1279 (2006); see *In re Adoption of T.M.M.H.*, 307 Kan. 902, Syl. ¶ 10, 416 P.3d 999 (2018); *McIntyre v. State*, 305 Kan. 616, 618, 385 P.3d 930 (2016); see also K.S.A. 2019 Supp. 60-252(b) (allowing parties to move for additional findings). When a party does not object, an appellate court will presume all the facts necessary to support the district court's judgment exist. *Dragon*, 282 Kan. at 356.

Blume takes issue with the district court's failure to journalize its rulings on the following motions: (1) motion to set aside judgment (filed November 16, 2018), (2) corrected motion for change of judge (filed January 10, 2019), (3) motion for final journal entry (filed January 10, 2019), (4) affidavit in support of corrected motion for change of judge (filed January 23, 2019), and (5) motion to strike motion to pay funds into court (filed February 8, 2019).

We note at the outset that our analysis of this issue is complicated by Blume's failure to include the motions at issue in the record on appeal. He also failed to provide any citations to the record where the parties argued these motions or where the district court ruled on the motions. Kansas Supreme Court Rule 6.02(a)(5) (2020 Kan. S. Ct. R. 34) requires an appellant to cite a pinpoint reference to the location in the record on appeal where the issue was raised and ruled on. The burden is on the party making a claim to designate a record sufficient to support its points to the appellate court and to establish its claims. *Friedman v. Kansas State Bd. of Healing Arts*, 296 Kan. 636, 644, 294 P.3d 287 (2013).

In any event, it does not appear that Blume ever objected to the district court's oral rulings on some of these motions, moved the district court for additional findings, or otherwise asked the court to journalize its rulings on the motions. By failing to challenge the district court's findings or conclusions below or ask for additional findings, Blume failed to meet his obligation under Supreme Court Rule 165, which requires a party to object to a district court's inadequate findings of fact and conclusions of law to preserve those issues for appeal. See *In re Adoption of T.M.M.H.*, 307 Kan. at 918; *Dragon*, 282 Kan. at 356. In addition, Blume fails to address why he is raising these arguments for the first time on appeal. Supreme Court Rule 6.02(a)(5) requires appellants to explain why they did not raise an issue below. Our Supreme Court has explained that failure to comply with Rule 6.02(a)(5) results in an appellant failing to properly brief his or her argument, leading to abandonment of that argument. See *State v. Godfrey*, 301 Kan. 1041, 1043-44, 350 P.3d 1068 (2015) (explaining that Rule 6.02[a][5] must be strictly enforced).

2. *Ruling on motion for summary judgment*

Blume argues the district court erred by failing to consider or rule on Miller's motion for summary judgment. Blume claims the court's failure to do so violated Supreme Court Rule 141 (2020 Kan. S. Ct. R. 205).

On May 17, 2017, the district court held a telephone status conference in this case. After discussion regarding how to go forward with the case, the court advised the parties that if they could agree on uncontroverted facts, they could file cross-motions for summary judgment, and the court could issue a ruling on any question of law presented. On June 2, 2017, Miller filed a motion for summary judgment asking the court to find she was a one-third member of VIM and entitled to a one-third share of the proceeds from the sale of VIM's condominium. Blume filed a memorandum in opposition to Miller's motion. None of the motions are included in the record on appeal, but Blume states in his

6

brief that he opposed at least three of Miller's statements of uncontroverted facts and set forth another 29 of his own statements of allegedly uncontroverted facts. The district court set the motion for hearing.

The parties appeared on August 16, 2017. At the hearing, Kirk advised the district court that he had wanted to file a brief or motion for summary judgment but had been unable to do so based on a delay in obtaining VIM's records and other discovery materials. Noting the delay, the court gave Kirk seven business days to submit a pleading stating his position on how the escrow proceeds should be accounted for and distributed between the parties. Miller and Blume would then have two weeks—until September 8, 2017—to respond to Kirk's brief or motion. The district court expressly stated on the record that it did not know what to call the pleadings that were going to be submitted. But at the end of the hearing, the judge noted that if the pleadings did not reflect uncontroverted facts, a bench trial would be held.

"So once everybody makes their respective positions by briefing, Ms. Miller and Mr. Blume will file responsive briefs. Since August 25th is the date for Mr. Dvorak, then I'm assuming that responsive briefs will be filed by September 8th for all the other parties. And then we'll—just as soon as I get those I guess I can call you in, and we'll get—maybe you ought to figure out how much time we need. . . . I'll just get you in for a short period of time and go through what I think is the resolution, and we'll call that a bench trial. Does that work?"

The record reflects that no pleadings were filed as contemplated at this hearing. So Blume is correct, the district court never ruled on Miller's motion for summary judgment. Instead, the court resolved the controverted issues of fact set forth in the motion and response at a bench trial held on December 18, 2017. After hearing testimony from the parties at the bench trial, the district court filed a written journal entry distributing the escrow funds.

Blume's suggestion that the district court was required to rule on the motion lacks merit for multiple reasons. First, the court's failure to rule on Miller's pending motion for summary judgment is moot given the district court later resolved the issue presented for summary judgment—distribution of the escrow funds—after a hearing on the merits. "The mere filing of cross-motions for summary judgment does not obligate a trial court to enter summary judgment. Rather, the trial court must independently determine whether a genuine issue of material fact exists." *Wheeler v. Rolling Door Co.*, 33 Kan. App. 2d 787, 791, 109 P.3d 1255 (2005); see *Henrickson v. Drotts*, 219 Kan. 435, 438, 548 P.2d 465 (1976). Here, a genuine issue of material fact existed because the parties were unable to agree on the disputed issue of how the escrow funds should be distributed. So in addition to being moot, summary judgment was not appropriate anyway.

3. *Supreme Court Rule 170*

Blume argues that the district court erred by approving a journal entry of judgment prepared by Miller under circumstances where Miller failed to serve him with a copy of the journal entry, failed to give him an opportunity to review the journal entry before it was sent to the court, and indicated he approved the proposed journal entry by placing the phrase, "Pursuant to Rule 170" in the signature block above his name.

Whether the district court complied with a Kansas Supreme Court rule is a question of law subject to unlimited review. See *Rhoten v. Dickson*, 290 Kan. 92, 100, 223 P.3d 786 (2010). Under Supreme Court Rule 170, a district court may direct a party to prepare a journal entry reflecting the court's orders. See Rule 170(a). The party preparing the journal entry must submit it to the opposing party within 14 days, and the opposing party has 14 days after service of the proposed journal entry to object. See Rule 170(b), (c). If counsel cannot agree on the terms of the journal entry, then the district court must settle the order, with or without a hearing. See Rule 170(d)(3).

This court has held that Supreme Court Rule 170

"is designed to allow the court some assistance in memorializing court orders. The court is always free to draft its own journal entry without any assistance from counsel. By ordering one party to prepare the journal entry and another to review it, the parties can be assured that the journal entry truly reflects the court's order. Enforcement of the rule is left to the sound discretion of the district court, since its whole purpose is to provide assistance to the court. Therefore, for an appellate court to reverse or remand a case due to failure to comply with this procedural rule would be rare and we are unable to locate any such Kansas cases. [Citation omitted.]" *In re Marriage of Anjard*, No. 103,426, 2011 WL 5389679, at *8 (Kan. App. 2011) (unpublished opinion).

Because enforcement of Rule 170 falls within the sound discretion of the district court, a district court's application of the rule only will be overturned for abuse of discretion. A district court's action constitutes an abuse of discretion (1) when no reasonable person would adopt the view taken by the district court, (2) when it is based on an error of law, or (3) when it is based on an error of fact. *Wiles v. American Family Life Assurance Co.*, 302 Kan. 66, 74, 350 P.3d 1071 (2015).

On February 14, 2019, the parties appeared at a hearing, along with counsel for Platinum Title, the title company holding in escrow the funds from the sale of VIM's condominium. Platinum Title's counsel informed the district court that he had circulated a proposed journal entry that, when filed by the court, would trigger the payout of the funds held by Platinum Title into the district court clerk trust account. Platinum Title's counsel advised the court that all of the parties substantively had approved the proposed journal entry. The parties, including Blume, confirmed their approval of the proposed journal entry. Kirk's counsel then asked whether the funds would automatically be distributed to the parties based on the district court's prior orders or if the parties needed to take further action. The court indicated that it had made "prior orders in that regard" and directed the

9

parties to circulate a journal entry that reflected those orders and advise whether they agreed.

The district court later filed two journal entries. First, on February 20, 2019, the district court filed a journal entry and order granting Platinum Title's motion to pay the sum of $80,553.56 into the court. The February 20, 2019 journal entry, prepared by Platinum Title's counsel, was signed in approval by all the parties, including Blume. Second, on February 25, 2019, the district court filed a journal entry that incorporated its January 3, 2018 findings of fact and conclusions of law from trial that distributed the escrow proceeds in the following amounts: $8,989.35 to Blume; $35,417.01 to Miller; and $36,147.50 to Kirk. This journal entry was prepared by Kirk's counsel and was signed in approval by Miller. But Blume's signature block does not have a signature over his name; it simply states, "Pursuant to Rule 170."

Blume complains that Miller never served him with a copy of the journal entry, that he was never allowed to review the journal entry, and that no hearing was ever held before the district court signed the journal entry. We note, as a preliminary matter, that it was Kirk, not Miller, who prepared the February 25, 2019, proposed journal entry. And the court did sign it with the notation, "Pursuant to Rule 170" in Blume's signature block. But there is no indication in the record that Blume ever objected to the journal entry after it was filed. Blume's brief refers to a March 1, 2019 motion to set aside journal entry and order, but this motion is not included in the record on appeal so we do not know whether his motion to set aside was based on an objection to the language in the proposed journal entry and, if it was, what language was objectionable. The burden is on the party making a claim to designate a record sufficient to present its points to the appellate court and to establish its claims. *Friedman*, 296 Kan. at 644. And even on appeal, Blume fails to present any substantive objections to the district court's journal entry or allege that he was prejudiced in any way by the district court's actions. The failure to support a point with pertinent authority is akin to failing to brief the issue. *In re Adoption of T.M.M.H.*, 307

Kan. at 912. When an appellant fails to brief an issue, that issue is deemed abandoned. *In re Marriage of Williams*, 307 Kan. 960, 977, 417 P.3d 1033 (2018). Simply put, Blume has failed to show that the district court abused its discretion in approving the February 25, 2019 proposed journal entry based on its application of Supreme Court Rule 170.

4. *Right to a fair trial*

Blume argues the district court showed "overt personal bias or animosity" against him, which led to a division of the escrow proceeds that was unsupported by the record.

We exercise unlimited review over a party's allegations of judicial bias to determine whether the facts rise to the level of judicial misconduct. *State v. Kemble*, 291 Kan. 109, 113, 238 P.3d 251 (2010). The party alleging judicial misconduct bears the burden of establishing that misconduct occurred and that it prejudiced the party's substantial rights. *State v. Hudgins*, 301 Kan. 629, 637-38, 346 P.3d 1062 (2015). When a party asserts a lack of judicial impartiality, our court considers whether the assertion is grounded in facts that would create reasonable doubt about the court's impartiality in the mind of a reasonable person with knowledge of all the circumstances. *Smith v. Printup*, 262 Kan. 587, Syl. ¶ 8, 938 P.2d 1261 (1997).

In support of his claim of bias, Blume asserts the district court judge (a) unfairly criticized him for using the word "prophylaxis," (b) ordered sanctions against him in a prior business foreclosure action, (c) ignored or failed to rule on his motions, and (d) relied primarily on Kirk's allegations in distributing the escrow proceeds. For the reasons stated below, none of these arguments are persuasive.

11

a. *Blume's use of the word "prophylaxis"*

At the start of the current litigation, the parties appeared before the district court to resolve a dispute relating to Kirk's efforts to retrieve his mail from VIM's mailbox. As the parties discussed a potential solution to the issue, the court suggested giving Kirk a key to the mailbox. Thereafter, the following exchange occurred:

> "MR. BLUME:  Okay. Number two, we have suggested, to double prophylaxis—
> "THE COURT:  Double what?
> "MR. BLUME:  Double protect us.
> "THE COURT:  That's not what you said. You said something that, frankly, is a little bit edgy.
> "MR. BLUME:  Okay.
> "THE COURT:  Just give him a key to the box."

When considering judicial comments, a remark will not be found prejudicial if a proper and reasonable construction renders the remark unobjectionable. *Kemble*, 291 Kan. at 113. The term prophylaxis is defined as "the prevention of or protection from disease; prophylactic treatment." Webster's New World College Dictionary 1166 (5th ed. 2014). Here, the district court's comment that Blume said something "edgy" appears to be a misunderstanding by the court and is not prejudicial. The comment was brief, isolated, and did not appear to affect the district court's treatment of Blume in any way.

b. *Sanctions in prior case*

Blume alleges the district court was biased against him because it had ordered sanctions against him in a prior business foreclosure case. Blume suggests that because an appellate court later found that his filings were not frivolous, the sanctions against him were unwarranted. But the fact that a trial judge ruled against a party presents a legally insufficient basis to find that the judge exhibited bias or prejudice against that party.

*Hajda v. University of Kansas Hosp. Auth.*, 51 Kan. App. 2d 761, 777, 356 P.3d 1 (2015). And Blume provides no support for his conclusory claim that the district court's ruling in a prior case somehow affected its rulings in this case or that the district court was somehow influenced by the prior case.

### c. *Failure to rule on Blume's motions*

Blume argues the district court's failure to rule on some of his motions is evidence of the court's bias against him. As discussed above, Blume fails to establish that he ever objected below to the district court's alleged failure to rule on his motions or otherwise provided the court with an opportunity to make additional findings. Thus, we presume all the facts necessary to support the district court's judgments exist. See *Dragon*, 282 Kan. at 356. Blume's claim of error on this point necessarily fails.

### d. *Reliance on Kirk's allegations*

Blume claims the district court exhibited bias against him in distributing the escrow proceeds among the parties. Blume claims that the court relied primarily on Kirk's allegations and testimony and ignored the evidence presented by Blume.

To the extent that Blume challenges the sufficiency of the evidence to support the district court's ruling, this is essentially an invitation to reweigh the evidence in a manner differently than the district court, which we cannot do. See *Gannon v. State*, 298 Kan. 1107, 1175-76, 319 P.3d 1196 (2014) (appellate courts do not reweigh evidence, resolve evidentiary conflicts, or pass on credibility of witnesses). The district court held a bench trial, where it heard testimony from the parties on each of their respective positions. After considering the evidence presented, as well as the parties' oral and written arguments, the court entered a well-reasoned, 10-page ruling distributing the escrow proceeds. That the

district court ruled against Blume presents a legally insufficient basis to find that it exhibited bias or prejudice against him. See *Hajda*, 51 Kan. App. 2d at 777.

To warrant a new trial, judicial conduct must appear to prejudice the substantial rights of the complaining party. The mere possibility of prejudice is insufficient to overturn a verdict or judgment. *State v. Walker*, 308 Kan. 409, 419, 421 P.3d 700 (2018). Blume fails to establish that the district court was unfairly biased against him or that any alleged judicial misconduct affected his substantial rights.

Affirmed.

14